99 F.3d 402
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Vinesse WHITE, Plaintiff-Appellant,
v.
NEW YORK CITY BOARD OF EDUCATION, Defendant-Appellee.
 No. 95-7354.
 United States Court of Appeals, Second Circuit.
 Dec. 26, 1995.
 
 1
 APPEARING FOR APPELLANT: Joseph Fleming, New York, New York.
 
 
 2
 APPEARING FOR APPELLEE: Paul A. Crotty, Corporation Counsel of the City of New York, New York, NY.
 
 
 3
 E.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Before LEVAL, CALABRESI, Circuit Judges, and SPATT, District Judge.*
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 7
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 8
 Plaintiff Vinesse White appeals from judgment rendered for the defendant on a jury verdict. Plaintiff's complaint alleged that her employer, the New York City Board of Education, discriminated against her because of her sex and created a hostile work environment in violation of Title VII. Title VII, Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. White's claim stems from the fact that on one occasion, a co-worker, Bruce Weiner, placed his hands on her buttocks. White reported Weiner's unwanted behavior to various supervisors. The Board conducted a prompt investigation and suspended Weiner for three days. In addition, Weiner's work location was moved from the sixth floor, where White worked, to the fifth floor, and he was instructed to avoid contact with White.
 
 
 9
 White alleges that she continued to encounter Weiner on the sixth floor, causing her emotional and psychological trauma and creating a hostile work environment for her. White informed the Board that she often saw Weiner on the sixth floor, but she alleges that the Board did nothing to remedy the situation. It is on the basis of this failure to act that White seeks to hold the Board responsible for the creation of a hostile work environment.
 
 
 10
 White's case was tried to a jury. At trial White did not allege that persons other than Weiner harassed her (except in the failure of her supervisors to take adequate steps to banish Weiner from her floor). Nor did she claim that other female employees were harassed by Weiner. At the close of trial the district court judge instructed the members of the jury that in determining whether White had met the burden of showing that her work environment was hostile, they could consider:
 
 
 11
 1. whether the conduct was verbal, physical, or both;
 
 
 12
 2. whether the conduct occurred one time or repeatedly;
 
 
 13
 3. whether the conduct was plainly offensive;
 
 
 14
 4. whether the alleged harasser was a co-worker or a supervisor;
 
 
 15
 5. whether others joined in the harassment; and
 
 
 16
 6. whether the harassment was directed at more than one person.
 
 
 17
 The jury found that White had been sexually harassed by Weiner, but that the Board did not create a hostile work environment.
 
 
 18
 On appeal White contends that errors in the jury charge entitle her to a new trial. Specifically, she objects to instructions 5 and 6, above, which allowed the jury to consider whether others joined in the harassment and whether the harassment was directed at more than one person.
 
 
 19
 We agree with White that these factors were not particularly relevant to her allegations. Nonetheless, the challenged factors are relevant in a general sense to a claim of hostile work environment. Harris v. Forklift Systems, Inc., 510 U.S. 17, 114 S.Ct. 367, 371 (1993)("whether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances"). We cannot say it was error to include these factors in the charge. While a plaintiff may certainly establish a hostile work environment even if the harassment comes only from one person and the plaintiff is the only one harassed, it is nonetheless true that an environment in which numerous females are harassed or in which many offenders join in the harassment is more powerfully shown to involve hostility based on gender. It was not error to include these among the factors the jury could consider in determining whether White established a hostile work environment.
 
 
 20
 White objects to another portion of the charge as well. However, because she failed to take exception to the disputed instruction at trial, we need not consider her arguments here. Fed.R.Civ.P. 51.
 
 
 
 *
 Honorable Arthur Spatt, United States District Judge for the Eastern District of New York, sitting by designation